UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-61830-RS

SECURITIES AND EXCHANGE COMMISSION,        )
                                            )
                        Plaintiff,          )
                                            )
v.                                          )
                                            )
RICHARD M. KIRSCH,                          )
                                            )
                        Defendant.          )
                                            )
_____ )

**FINAL JUDGMENT AGAINST DEFENDANT RICHARD M. KIRSCH**

This cause is before the Court upon Plaintiff Securities and Exchange Commission having filed a Complaint and Defendant Richard M. Kirsch having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction, which Kirsch admits, and except as set forth in Section V below); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**PERMANENT INJUNCTION**

**IT IS ORDERED AND ADJUDGED** that Kirsch is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5(a) and (c) promulgated thereunder, 17 C.F.R. § 240.10b-5(a) and (c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud and/or to engage in any

act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, by: (i) buying or selling of any security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust or confidence, to another person or persons for purposes of buying or selling any security.

**IT IS FURTHER ORDERED AND ADJUGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Kirsch's offices, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Kirsch or with anyone described in (a).

## II.

## CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Kirsch is liable for a civil penalty in the amount of $1,057,392 pursuant to Section 21A of the Exchange Act, 15 U.S.C. § 78u(d). Kirsch shall satisfy this obligation by paying $1,057,392 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Paragraph III below after entry of this Final Judgment.

Kirsch may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Kirsch may also pay by certified check, bank cashier's

check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Bldg. Room 265, AMK-326
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Richard M. Kirsch as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Kirsch shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action:

> Jordan A. Cortez, Esq.
> U.S. Securities and Exchange Commission
> Division of Enforcement
> 801 Brickell Avenue, Suite 1950
> Miami, Florida 33131

By making this payment, Kirsch relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Kirsch. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Kirsch shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

### PAYMENT PLAN

**IT IS FURTHER ORDERED AND ADJUDGED** that Kirsch shall pay the total civil penalty due of $1,057,392 in five installments to the Commission according to the following schedule: (1) $57,392 within 30 days of entry of this Final Judgment; (2) $250,000 within 90 days

of entry of this Final Judgment; (3) $250,000 within 180 days of entry of this Final Judgement; (4) $250,000 within 270 days of entry of this Final Judgment; and (5) $250,000 plus all accrued post-judgment interest within 360 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Kirsch shall contact the staff of the Commission for the amount due for the final payment.

If Kirsch fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## IV.

### OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Kirsch is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

**V.**

**INCORPORATION OF CONSENT**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Kirsch shall comply with all of the undertakings and agreements set forth therein.

**VI.**

**BANKRUPTCY NONDISCHARGEABILITY**

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Kirsch, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Kirsch under the Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for Kirsch's violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**VII.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 16th day of September, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE